## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | CHAPTER 7 |
| ) | BANKRUPTCY NO. 08-2751 |
| AGRIPROCESSORS, INC. ) | |
| ) | |
|     Debtor. ) | |
| ) | |
| JOSEPH E. SARACHEK, in his capacity as ) | |
| CHAPTER 7 TRUSTEE, ) | ADVERSARY NO. 10-09183 |
| ) | |
|     Plaintiff. ) | |
| ) | |
| vs. ) | |
| ) | |
| RITE SURGICAL SUPPLIES, INC. ) | |
| d/b/a RITE CARE MEDICAL PRODUCTS, ) | |
| ) | |
|     Defendant. ) | |

### ORDER RE: MOTION TO REOPEN DISCOVERY

This matter came before the Court in a telephonic hearing on Defendant's Motion to Reopen Discovery. Keith Larson appeared on behalf of the Plaintiff, Trustee Joseph E. Saracheck. Christopher Fry and Robert Gainer appeared on behalf of the Defendant, Rite Surgical Supplies, Inc. After hearing the parties' arguments, the Court took the matter under advisement. This is a core proceeding under 28 U.S.C. § 157(b)(2)(F).

### STATEMENT OF THE CASE

Trustee filed a Complaint on November 11, 2010 alleging that within two years of the bankruptcy petition, Defendant received payments totaling $350,000.00. Trustee seeks to recover these payments as either fraudulent conveyances under 11 U.S.C. § 548 or as preferential transfers under 11 U.S.C. § 547(b). Defendant filed its Answer on April 8, 2011. Trustee filed

an Amended Complaint on June 27, 2012. After several motions to extend time, this Court extended the discovery deadlines to September 4, 2012.

On March 11, 2013, Defendant filed a Motion to Continue Trial. Defendant noted that it had new information and now wanted to contest the issue of solvency during the transfer period. The Court granted the motion to allow Defendant time to engage in discovery on the insolvency issue. The Court required that parties conclude discovery on that limited issue by August 2, 2013.

Defendant filed this Motion to Reopen Discovery on August 30, 2013. Defendant seeks to reopen discovery to acquire additional information necessary for its expert to conduct a solvency analysis. Defendant also seeks to take the deposition of Mr. Marc Ross and Mr. Joseph Sarachek on the issue of solvency. Trial is set for January 6, 2014.

Trustee objects to the Motion to Reopen Discovery. Trustee denies Defendant's assertion that there was an informal extension of discovery deadlines. Trustee argues that Defendant fails to show a change in circumstances that warrants reopening discovery as required by Fed. R. Bankr. P. 7016. For the reasons that follow, the Court denies Defendant's Motion to Reopen Discovery under Rule 7016.

**FACTUAL BACKGROUND**

Debtor owned and operated one of the nation's largest kosher meatpacking and food-processing facilities in Postville, Iowa. On November 4, 2008, Debtor filed a Chapter 11 petition in the Bankruptcy Court for the Eastern District of New York. Debtor's bankruptcy petition and accompanying documents recited that its financial difficulties resulted from a raid conducted by U.S. Immigration and Customs Enforcement. The raid led to numerous federal criminal charges.

2

The New York Bankruptcy Court approved the appointment of Joseph E. Saracheck as the Chapter 11 Trustee.  The court concluded that appointing a trustee was necessary under 11 U.S.C. § 1104(a)(1), "for cause, including fraud, dishonest, incompetence, or gross mismanagement of the affairs of the debtor by current management."  The court later transferred the case to this Court on December 15, 2008.  This Court converted the case to a Chapter 7 bankruptcy.  The U.S. Trustee for this region retained Mr. Saracheck as the Chapter 7 Trustee.

Within two years of the Debtor's filing of the bankruptcy petition, Debtor made five payments to the Defendant: three payments for $50,000.00 and two payments for $100,000.00.  The Debtor issued the checks on January 17, 2008; January 24, 2008; February 22, 2008; April 8, 2008; and April 22, 2008.  Trustee argues that, because he is not aware of any value provided to the Debtor, the Debtor made the payments in exchange for less than a reasonably equivalent value.  Trustee also contends that the transfers may constitute insider preferential transfers given the close relationship between Debtor's officers and Defendant's officers.

Defendant retained an expert on solvency after the Court granted the Motion to Continue Trial on March 18, 2013.  Although the Trustee contends that he has provided all documentation used in their expert's solvency analysis, Defendant argues that its expert requires more information to complete his analysis.  Defendant requested additional documentation through discovery on August 21, 2013.  Defendant argues that the Court should apply Fed. R. Bankr. P. 7026 to allow additional discovery because Trustee failed to provide these documents in earlier discovery requests.  The Trustee, however, argues that the Court should apply Fed. R. Bankr. P. 7016 and deny additional discovery.

3

**CONCLUSIONS OF LAW**

The parties dispute which Federal Rule to apply in this case. Defendant argues that Trustee provided incomplete discovery, and the Court should apply Rule 7026. Trustee argues that Defendant is moving to alter the trial schedule, and the Court should apply Rule 7016.

## I.     Rule 7026

Fed. R. Bankr. P. 7026, which applies Fed. R. Civ. P. 26 in adversary proceedings, controls the information that each party must disclose in discovery. Rule 26(a)(2)(B) requires that the expert witness report contain the facts or data considered by the witness forming them. Rule 26(e) further requires that parties must supplement or correct discovery answers

> in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not been made known to the other parties during the discovery process or in writing, or as ordered by the court.

Parties are required to reveal any newly discovered information that would "render a prior answer either incorrect or incomplete." Havenfield Corp. v. H&R Block, Inc., 509 F.2d 1263, 1272 (8th Cir. 1975). Rule 26 requires a showing of new information, but only if "the failure to disclose the new facts would amount to a knowing concealment." Id. In addition, this Court can limit discovery under Rule 26 where the discovery would be duplicative, burdensome, or "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." Fed. R. Civ. P. 26; see also Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc., 406 F.3d 1052, 1060 (8th Cir. 2005) (applying Fed. R. Civ. P. 26).

Defendant argues that the Trustee has not provided all of the relevant information that his expert considered in producing his report. Trustee disagrees and states that he provided all information that his expert considered. Defendant does not argue that any new information regarding solvency exists, so Rule 26 cannot apply. Defendant's argument that the Trustee failed

to disclose all information that Trustee's expert revealed is based entirely on Defendant's speculation.

Even if Defendant proved that new information existed or that Trustee failed to disclose information that his expert reviewed, Rule 26 allows the Court to limit discovery if the seeking party had "ample opportunity to obtain the information." Fed. R. Civ. P. 26. Defendant has had ample opportunity for discovery. Trustee filed an Amended Complaint June 27, 2012, and this Court allowed Defendant over a year to engage in discovery. After granting the Motion to Continue Trial in March 2013, Defendant has employed an expert, but seems to have done little else in the six months that passed. The Court concludes that Defendant has had more than enough time to obtain the information that its expert seeks, and no further extension of discovery is appropriate under Rule 26.

The Court also notes that if Trustee provided incomplete information in discovery, the appropriate action for Defendant is a motion to compel production of the missing information. See, e.g., Gov't of Ghana v. ProEnergy Servs., LLC, 677 F.3d 340 (8th Cir. 2012); U.S. v. Karlen, 645 F.2d 635 (8th Cir. 1981); Dowagiac Mfg. Co. v. Lochren, 143 F. 211 (8th Cir. 1906).

**II.    Rule 7016**

Trustee argues that Fed. R. Bankr. P. 7016, which applies Fed. R. Civ. P. 16, applies in this adversary proceedings. Rule 16 allows courts to modify their own scheduling orders. Trial courts generally have broad discretion in maintaining compliance with discovery orders. Williams v. TESCO Servs, Inc., 719 F.3d 968, 976 (8th Cir. 2013); see also Phillip v. Ford Motor Co., 328 F.3d 1020, 1024 (8th Cir. 2003) ("Once discovery has closed, it is within the district court's discretion whether or not to allow it to be reopened."). "[S]cheduling orders are

5

intended, in part, to assist the parties in preparing their case." Rahn v. Hawkins, 464 F.3d 813 (8th Cir. 2006), overruled on other grounds by Avichail ex rel. T.A. v. St John's Mercy Health System, 686 F.3d 548 (8th Cir. 2012).

Compliance with scheduling orders is vital because, "such orders and their enforcement are regarded as the essential mechanism for cases becoming trial-ready in an efficient, just, and certain manner.  The control of these schedules is deliberately reposed in the court, and not in counsel, so that this end may be achieved." Rouse v. Farmers State Bank of Jewell, Iowa, 866 F. Supp. 1191, 1198 (N.D. Iowa 1991) (quoting Kramer v. The Boeing Co., 126 F.R.D. 690, 696 (D. Minn. 1989)) (internal quotation marks omitted)).  Control of the schedule is so vitally important that a "modification to a scheduling order is proper only when the movant has demonstrated good cause." Rahn, 464 F.3d at 822 (citing Fed. R. Civ. P. 16(b)).  In fact, the Eighth Circuit absolutely requires a showing of good cause.  Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716 (8th Cir. 2008) ("Rule 16(b)'s good-cause requirement is not optional.").

Courts generally define "good cause" as a change in law, change in facts, or some other change in circumstances.  See, e.g., Hartis v. Chi. Title Ins. Co., 694 F.3d 935, 949 (8th Cir. 2012) (citing Sherman, 532 F.3d at 718); SmithCo. Mfg., Inc. v. Haldex Brake Prods. Corp., 267 F.R.D. 250, 254 (N.D. Iowa 2010); cf. Level 3 Commc'ns, L.L.C. v. City of St. Louis, Mo., 540 F.3d 794 (8th Cir. 2008) (requiring new evidence to reopen discovery in the area of trademark claims); Hailmichael v. Gonzales, 454 F.3d 878 (8th Cir. 2006) (requiring that the new evidence be previously unavailable in the immigration context).  In addition, as the Eighth Circuit explained, "[t]he primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." Rahn, 464 F.3d at 822; see also Morrison Enters., LLC v. Dravo Corp., 638 F.3d 594, 610 (8th Cir. 2011) (citing Sherman, 532 F.3d at 716–17).

6

The court must also consider the harm and prejudice to the parties in its decision whether to alter the scheduling order. Williams v. TESCO Servs., Inc., 719 F.3d 968, 976–77 (8th Cir. 2013). Considerations include whether the parties could have accomplished what they wanted in the allowed time period, In re Baycol Prods. Litig., 596 F.3d 884, 888 (8th Cir. 2010), and if amending the schedule will delay trial. See Williams, 719 F.3d at 976–77; cf. Popoalii v. Correctional Medical Servs., 512 F.3d 488, 498–99 (8th Cir. 2008) (explaining that altering the schedule to allow an expert's second affidavit was not harmless where the second affidavit was inconsistent with the first affidavit).

Defendant's Motion focuses on an alleged misunderstanding between the parties regarding an informal discovery extension. The informal agreement, however, is the not the focus when a party files a Motion to Reopen Discovery. A Motion to Reopen Discovery is an alteration of the scheduling order, which Fed. R. Civ. P. 16 governs. See Bouaphakeo v. Tyson Foods, Inc., No. 5:07-CV-04009-JAJ-TJS, 2013 WL 364789, at *1 (N.D. Iowa Jan. 30, 2013). As such, this Court considers whether Defendant has proven "good cause" to alter the scheduling order. Defendant has not provided any evidence that there is a change in the law, change in facts, or change in circumstances. In addition, by failing to act within the extension of discovery already granted by the Court, Defendant does not satisfy the requirement to diligently attempt to meet the order's requirements.

The Court next considers the harm and prejudice to the parties in the case. As discussed previously, Defendant had over a year in total to conduct discovery, roughly six months of which was devoted entirely to the solvency issue. Therefore, Defendant had ample time to obtain the required information to build its case. In addition, delaying the trial further may cause harm to

the parties involved. Defendant still has the opportunity to challenge Trustee's expert during the trial if it questions the credibility of Trustee's expert.

The Court has taken a flexible, if not lenient, approach to extensions of time throughout the adversary proceedings in this case. The Court points out that it has extended deadlines in this case to reopen an issue not previously contested—and provided six months to do so. Defendant did not get its work completed during this liberal extension of time. The time has expired and no additional good reason exists to extend it further.

WHEREFORE, Defendant's Motion to Reopen Discovery is DENIED.

Dated and Entered: October 2, 2013

_____
THAD J. COLLINS
CHIEF BANKRUPTCY JUDGE